OPINION
{¶ 1} This is an appeal from an order of the Probate Court finding Dorothy Lee incompetent and appointing Charles Cromley, an attorney, guardian of her person and estate. The appeal is brought by Albert Scott, Dorothy Lee's nephew. He and two of her siblings lived with Lee when Cromley filed his application to be appointed Lee's guardian.
 {¶ 2} Scott presents two assignments of error. First, he argues that Cromley should have obtained the permission of Lee's next of kin before he filed his guardianship application. Second, Scott argues that the probate court was required to find him and Lee's other next of kin unsuitable for the appointment before it appointed Cromley.
 {¶ 3} Notice of Cromley's application was served on Scott and Dorothy Lee's other next of kin. They appeared at the hearing on the application, and Scott testified.
 {¶ 4} The court found Dorothy Lee incompetent, and that finding is not disputed by Scott. Instead, he argues that the court was required by R.C. 2113.06 to give preference for the appointment to him and others of Lee's next of kin, and could appoint a stranger such as Cromley only if the court first found Dorothy Lee's next of kin unsuitable.
 {¶ 5} The court made no finding that Dorothy Lee's next of kin were unsuitable for the appointment. It found Cromley qualified and suitable. The court also noted that Cromley's was the only application before it.
 {¶ 6} R.C. 2113.06, on which Scott relies, governs appointment of persons to administer the estate of a decedent. It creates a preference for appointment of next of kin. However, it has no application to appointment of a guardian.
 {¶ 7} R.C. 2111.02 governs appointment of a guardian. It creates no preference for the prospective ward's next of kin. Neither does it require their approval before a person who is not a next of kin files an application. The person who applies and is appointed need only be an "interested party." Cromley is an interested party. He is an attorney who filed and prosecuted the application as an officer of the court. Cromley acted at the urging of another of Dorothy Lee's brothers, Clifford Lee, who was concerned that his sister's needs were not being met.
 {¶ 8} Scott lacks standing to complain that the trial court erred or abused its discretion when it appointed Cromley. The only person who might complain is Dorothy Lee, but she has not. Scott would have standing to complain that the court erred when it failed to appoint him had he filed an application for appointment. He didn't, and he therefore suffered no consequences adverse to his interests in this action as a result of the court's appointment of Cromley. Consequently, there is no relief this court can offer Scott in this appeal.
 {¶ 9} The assignments of error are overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.